JACKSON COUNTY, PLAINTIFF IN ERROR, *v.* MARTHA BURRIS, DEFENDANT IN ERROR.

(*Nashville,* December Term, 1932.)

Opinion filed February 11, 1933.

P. J. ANDERSON, for Jackson County.

R. H. Beeler, Attorney-General, John L. Neely, Assistant Attorney-General, and W. C. Cook, for the State.

B. C. Butler, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

Jackson County procured a right of way for a state highway, through the land of Martha Burris, by condemnation suit filed in the name of the county, and the state was put in possession.

A jury of view was appointed to assess the damages to which Mrs. Burris was entitled, and in November, 1930, reported that the damages were assessed at $750. This report was not excepted to by the county, and thereupon, on March 18, 1931, a consent order was entered reciting the consent of the county that Mrs. Burris should be paid the amount awarded by the jury of view, to be "applied as payment to any judgment she may hereafter obtain." Formal judgment was included in this entry that Martha Burris should have and recover the sum of $750, "to be paid out of the general funds of Jackson County, upon the warrant of the Chairman of the county court, same to be applied on any judgment she may obtain on the final hearing of this case; this to in nowise prejudice the rights of either party."

Chapter 57 of the Public Acts of 1931, whereby the State assumed liability for the cost of rights of way for state highways, was enacted July 1, 1931, after the entry of the foregoing order.

Thereafter the county caused the State Department of Highways to be made a party to this litigation, and contended that the state, in the stead of the county, was lia-

ble for the damages incurred by Mrs. Burris, under the provisions of said Act.

On the final hearing it was agreed that Mrs. Burris was not entitled to anything in addition to the $750 reported by the jury of view. The circuit court rendered judgment against the State for that amount, directing in the final judgment that since Jackson County had paid said sum to Mrs. Burris "by order of the court heretofore entered in this case, and without prejudice to the rights of any of the parties," Jackson County should be subrogated to the rights of Mrs. Burris and entitled to receive the amount adjudged against the estate.

From this judgment rendered against it the State has appealed in error.

We think the contentions of the State must be sustained. By the Act of 1931 the State assumed liability for the cost of rights of way theretofore acquired, and we gave to the statute a broad construction, consistent with the general language employed therein, in *Baker* v. *Donegan,* 164 Tenn., 625, 47 S. W. (2d), 1095. There is, however, nothing in the statute which could justify a judgment against the State, reimbursing a county for money actually paid prior to its enactment.

It is true that the order agreed to by the landowner and the county in March, 1931, directed that payment of the $750 should not operate to the prejudice of either party. But the State was not then a party to the litigation and was in nowise bound by this reservation against prejudice. In so far as the State is concerned the payment by the county was voluntary on its part, and it operated to extinguish the right of action then vested in Mrs. Burris for damages, to the extent of the payment made. The payment was a satisfaction of the claim to

the extent of the amount paid, and at the date of the enactment of the Act of 1931 it was not an outstanding claim against the county to which the retroactive provisions of the statute could apply.

It is doubtless true that many other claims for damages for highway rights of way were paid and satisfied by the several counties, prior to July, 1931. The State has evinced no purpose to reimburse the counties for moneys so paid, and this claim of Jackson County is in no way different.

The judgment of the Circuit Court of Jackson County will be modified, so as to provide that the sum of $750, already paid to Mrs. Burris, is a full and final settlement of her claim against the county, for which the county is not entitled to be subrogated as against the State.

The costs will be adjudged against Jackson County.