PHILLIPS, COM'R OF HIGHWAYS AND PUBLIC WORKS, *et al.*
*v.* STATE *ex rel.* POLK COUNTY.

(*Nashville,* December Term, 1940.)

Opinion filed March 8, 1941.

CHARLES B. WITT, of Benton, JOE V. WILLIAMS, of Chattanooga, and CORNELIUS, McKINNEY & GILBERT, of Nashville, for complainant.

ROY H. BEELER, Attorney-General, HARRY PHILLIPS, Assistant Attorney-General and O. L. PEELER, of Camden, for defendants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is a *mandamus* proceeding to require the Commissioner of Highways and Public Works to reimburse Polk County for funds paid out on account of rights of way, along what is known as the Ducktown-Copper Hill Highway. Petitioner invoked application of Chapter 57, Acts of 1931.

The facts briefly stated are that, in contemplation of the use of the roadway in question in Polk County as a State highway, approved as such by the State, the County Court adopted a resolution, in April, 1931, authorizing a committee of its members to negotiate and contract with interested property owners for the necessary rights of way and the removal therefrom of obstructions thereon at an expense not to exceed a total of $20,000. Proceeding thereunder, agreements were reached with the

adjoining property owners and, beginning with August 18, 1931, and running through August 16, 1933, the date of the final payment, Polk County paid sums totaling $8,955.15, for which sum it seeks reimbursement in this proceeding. These facts, including the payments in the amount stated, are not disputed.

The six-year statute of limitations was relied on below, the disbursement having been made by the County between August, 1931, and August, 1933, but this defense is abandoned here, as announced for the State at bar. The defense on the merits now presented is that the Act of 1931 did not recognize "a liability on the part of the State for claims paid or settled by the County prior to July 1, 1931." It is conceded that the claim was not paid until after that date, but counsel for the State say that it had been "settled" prior to July 1, 1931, and that it must have been both paid and settled after that date to entitle it to reimbursement.

In the first place, we are pointed to and find no language in the Act so limiting the reimbursement provision. The pertinent language of the Act reads:

"Section 1. *Be it enacted by the General Assembly of the State of Tennessee,* That the State of Tennessee shall be liable for and held to pay, through its Department of Highways and Public Works and as other highway expenses are paid, for all rights of way and damages and costs incident to the acquisition and use of same, whether by condemnation suits or otherwise as provided by existing laws, necessary to the construction of any highways, or parts thereof, designated and adopted by said Department as and for a State or State and Federal Aid Highway in the State's system of highways, and that no county or counties affected by such highways will be liable therefor."

There follows a statement of an exception not relevant here, applying to "agreements" with the Department of Highways.

In the second place, we do not find in the pleadings a showing that the matter out of which this claim arises had been "settled" prior to July 1st, 1931, rather otherwise.

The petition, following its reference to the passage of this Act on July 1st, 1931, proceeds: *"Thereafter* Polk County acqured the right-of-way for the Ducktown-Copper Hill Highway and paid therefor, from August 18, 1931, through August 16, 1933 the sum of," etc. (Italics ours).

It could hardly be said that the matters were "settled" until the rights of way had been acquired and the transactions closed by payment of the amounts involved. It is true that Polk County had fixed in its resolution in April an outside total limit upon the amount it would expend, but this itself implied that the amounts had not been "settled," and it subsequently developed that, as a result of negotiations, less than half of this limit was expended.

This Act of 1931 has been given construction by this Court more than once. *Baker* v. *Donegan,* 164 Tenn., 625, 628, 47 S. W. (2d), 1095, 52 S. W. (2d), 152; *Brown Heirs* v. *Cannon County,* 165 Tenn., 554, 56 S. W. (2d), 735; *Jackson County* v. *Burris,* 165 Tenn., 559, 56 S. W. (2d), 739; *Baker* v. *Carson,* 165 Tenn., 551, 56 S. W. (2d), 734; *Phillips* v. *Marion County,* 166 Tenn., 83, 59 S. W. (2d), 507; *Marion County* v. *Tydings,* 169 Tenn., 286, 86 S. W. (2d), 565.; *McDonald* v. *Scott County,* 169 Tenn., 374, 87 S. W. (2d), 1019; *Stubblefield* v. *Warren County,* 170 Tenn., 211, 93 S. W. (2d), 1269; *Corporation of Sevierville* v. *Trotter,* 170 Tenn., 431, 95 S. W. (2d), 920.

Running through all of these cases are expres-

sions definitely recognizing the primary purpose of this Act to have been,"to transfer to the state liability for the payment of the cost of rights of way for state highways;" this being but another step in the carrying out of "a general scheme or policy to transfer to the state that part of the cost of the construction of the state highway system which had theretofore been cast upon the several counties. See Public Acts 1927, chapter 23, as amended by Public Acts 1931, Chapter 59, and the opinion this day filed in *R. H. Baker Commissioner, etc.,* v. *Hickman County,* 164 Tenn., [294], 47 S. W. (2d), 1090."

The foregoing quotations are from the opinion in *Baker* v. *Donegan, supra,* the first of our cases construing this Act. In that case the State contested its obligation thereunder, invoking application to the claim in issue of the exception clause of the Act which excludes cases in which a county has agreed with the Department of Highways to co-operate under the law as it existed prior to 1931. It was held that the "agreement" in that case was not of the "authorized" and special class embraced by this exclusion clause. No such issue is here presented. But in the opinion in that case the Act was reviewed and construed, its constitutionality upheld, and it was said that: "The act clearly expresses the general purpose and intention on the part of the state to relieve the several counties of *any further payments* for the cost of rights of way for state highways." [164 Tenn., 628, 52 S. W. (2d), 153.] (Italics ours.) It was said that the broad language of the Act quite apparently contemplated "rights of way already acquired but not paid for." The Donegan case was one in which the rights of way had been condemned and taken over, but the amount of damages remained undetermined and unpaid.

In the instant case, the rights of way had been taken

over, on the passage of the Act, July 1, 1931, but the amount remained unpaid.

The State relies on and cites only *Jackson County* v. *Burris,* 165 Tenn., 559, 56 S. W. (2d), 739, 740, wherein this Court denied recovery by the County, it appearing that the payment had been made by the County prior to the enactment of Chapter 57, Acts of 1931. The Court stresses this distinctive fact, saying that there is nothing in the statute "justify[ing] a judgment against the state, reimbursing a county for money *actually paid prior to its enactment.*" (Italics ours.) We cannot agree that this holding has application to a case like the present, where the payments were made *after* the Act was passed. On the contrary, we think the distinction suggested by the words we italicise clearly conveys the implication that payments made *after* the enactment are within its provisions.

In *Brown Heirs* v. *Cannon County,* 165 Tenn., 554, 56 S. W. (2d), 735, 736, an action for the value of lands taken was pending against the County when the Act of 1931 was passed. A judgment against the State, which had been substituted, was affirmed, the judgment being modified so as to hold the County jointly liable to the property owner. Referring to the opinion in *Baker* v. *Donegan,* it was said:

"In that case we construed the Act of 1931 as broadly excluding county liability, in so far as the state is concerned, for all rights of way thereafter adopted, designated, or taken over 'whether such projects have been completed or are now under construction, . . . or whether such rights of way are now involved in litigation,' etc. We said: 'This broad language could hardly have been employed except with the intention that it express the general rule to be followed and applied with

respect to rights of way already acquired but not paid for.' "

Here was a case in which the matters involved had been neither "settled" nor paid for prior to July 1, 1931, but this was not relied on by the State, or treated as material. A different contention was made, and overruled, not pertinent here. And, as before noted, the distinction recognized as determinative, as held in the Jackson County case, *supra*, was again noted between obligations "not paid for" and those which had been previously paid for.

■ The remaining contention presented for the State is as to the application of the remedy of *mandamus*. We think this remedy was appropriate here, in view of our holding as to the legal rights of the County, and the abandonment of reliance on the statute of limitations, which seems to have influenced the Commissioner in withholding this reimbursement. In *Baker* v. *Donegan,* holding this remedy to be appropriate, it was said:

"Neither is it a valid constitutional objection to the effectiveness of the statute of 1931 that execution may not be awarded to Donegan to enforce payment of his judgment. Judgment was properly rendered against the state in an action instituted by the state, through the head of one of its administrative departments. It is the duty of the commissioner of highways to pay the judgment out of any moneys under his control, available for the construction of a highway, and his compliance with that duty may be enforced by *mandamus*. *Peerless Construction Co.* v. *Bass,* 158 Tenn., 518, 14 S. W. (2d), 732; *State ex rel.* v. *Hamblen County,* 161 Tenn., 575, 33 S. W. (2d), 73, [34 S. W. (2d), 715]."

That was a case of a judgment, but it is not essential that a judgment should have preceded the application for *mandamus*. Where, as here, there exists no dispute of

fact, or of wisdom or propriety, but merely of legality of the claim, no exercise of discretion by the official is called for. The Court having determined this legal issue, as we do, in favor of the claim, *mandamus* is in order. As was said in *Phillips* v. *Marion County*, 166 Tenn., 83, at page 87, 59 S. W. (2d), 507, at page 509, the compliance of the Commissioner with the terms of the Act ''may be enforced by *mandamus*, when the right of the claimant is clear and the facts are undisputed,'' etc. And this was a case in which construction of a statute was required for the determination of this State official's duty, a matter peculiarly for the Court, as to which his duty became ministerial. *Roberts* v. *United States,* 176 U. S., 221, 20 S. Ct., 376, 44 L. Ed., 443.

We find no error, and the decree of the Chancellor is affirmed.