FRED J. WRIGHT, et al.

*v.*

ROANE COUNTY, TENNESSEE.

(*Knoxville*, September Term, 1957.)

Opinion filed June 6, 1958.

THOS. W. THOMSON, Knoxville, for appellants.

J. FRANK QUALLS, County Attorney, Harriman, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The bill in this cause was filed by a number of property owners in Roane County, charging that the State, Roane County, and the Federal Government determined upon a project whereby U. S. Highway 27 should be broadened and elevated, and also a revamping of part of U. S. Highway 61, wherein Roane County would acquire and pay for rights of way and would receive reimbursement from the State and Government; that as a result of said agreement Roane County was authorized to acquire rights of way as needed and did so acquire them in the vicinity of complainants' properties; that as a result of the construction and elevation of the roadways their properties have been continuously flooded and that this has been done without condemning their property.

A mandatory injunction was granted. Later the defendants field a demurrer, the effect of same being, to challenge the jurisdiction of the Court. The Chancellor was of the opinion that a court of chancery had no jurisdiction in this cause and dismissed the bill.

The defendant, County, takes the position that if it is liable at all, complainants have an adequate remedy at law but that the bill shows on its face that Roane County had nothing to do with the construction of the highway but that the construction was done by the State with contribution from the Federal Government.

Complainants rely upon the case of *Marion County v. Tydings,* 169 Tenn. 286, 86 S.W.2d 565. In that case the County was held liable to landowners for value of land taken for highway purposes by the State Highway Department. The Court held that although the County had nothing to do with such taking and had entered into no agreement with the State Highway Department for the purchase of a right of way, the County's liability is direct insofar as the land owners are concerned.

Complainants also rely upon the case of *Dixon v. City of Nashville,* 29 Tenn. App. 282, 203, S.W.2d 178. In this case the question involved the right of the defendant to interfere with natural drainage of surface water in the construction and drainage of streets.

In that case the suit was against the City and not against the County. It appears in the present case that the complainants' property was not condemned.

The bill set out that a drain was constructed underneath the highway and that as a result when it rained a deluge of water pours through the drain and as a result of the improvement of these highways, the surface water has greatly increased and become concentrated and flows at a more rapid speed than prior to the improvement, and that each time it rains the complainants' property suffers damages, as well as it becoming an unhealthful situation.

It is insisted that the Chancery Court has jurisdiction of this matter in order to prevent a multiplicity of actions at law in which the remedy would be inadequate. *Dixie Fire Insurance Co., v. American Confectionery Co.,* 124 Tenn. 247, 136 S.W. 915, 34 L.R.A.,N.S., 897.

In the present case the Chancellor was of the opinion that complainants had a plain and adequate remedy at

law and found that under our decisions the court of chancery had no jurisdiction in cases of this nature.

In *Buckholtz v. Hamilton County*, 180 Tenn. 263, 174 S.W.2d 455, the declaration charged:

" 'Defendant excavated, constructed, concreted the bottom and sides of, and continuously maintained a narrow ditch approximately from 12 inches to two feet deep, directly across and about the center of a long straightaway between two curves, on, the Mountain Creek road, a much traveled, open, hard-surfaced public highway in, and under the super-vision, charge and control of said County, into which ditch defendant diverted the clear water from a small, year-round branch, immediately above the road, which thereafter flowed through the open ditch across the said road and filled, and thereafter kept the ditch normally filled with clear water, ap-proximately to the elevation of the road on either side of the ditch, so that the refraction of the clear water and the location and construction of the ditch, concealed and camouflaged the presence, depth, character and danger of the ditch from approaching motorists, to whom the condition had the appearance of a clear, shallow, safe, temporary wet weather overflow above the highway, and as constructed and located, operated to invite motorists using the high-way to continue on their course over the side of the ditch, without slowing down, until it was too late to stop in time to avoid the inevitable accident and injury incident to running through and over said ditch at ordinary speeds; as a proximate result of which, prior to the time complainant was injured,

as hereinafter set forth, some fourteen motorists, unfamiliar with the location of the ditch and the road at that point, or its danger, had their property or persons injured by driving into said deathtrap, of many of which accidents defendant had knowledge, prior to the date on which plaintiff was injured, as hereinafter set forth.' "

We held in that case that the county was not liable in actions of this nature either upon the theory of negligence or under the nuisance rule and we held that Hamilton County was not liable.

In the present case the Chancellor held that he was without jurisdiction to enjoin Roane County to go upon the rights of way of the State, and Federal Government and to change the construction thereon; also that if complainants had any claim against Roane County that they had a plain and adequate remedy at law, and in so holding we find no error in the decree of the Chancellor and it is affirmed.