R. H. BAKER, COMR. OF HIGHWAYS AND PUBLIC WORKS, PLAINTIFF IN ERROR, *v.* T. W. ROSE, *et al.*, DEFENDANTS IN ERROR.

*(Nashville,* December Term, 1932.)

Opinion filed February 11, 1933.

Roy H. Beeler, Attorney-General, John L. Neely, Assistant Attorney-General, and W. C. Cook, for Baker, Commissioner.

W. B. Williams and L. H. Walker, for Wilson County.

Wm. Green and Louis Chambers, for Rose.

Mr. Justice Swiggart delivered the opinion of the Court.

In February, 1931, the plaintiff in error, as Commissioner of the Department of Highways and Public Works of the State of Tennessee, filed his petition against T. W. Rose, for the purpose of appropriating certain lands belonging to Rose for a right of way for a state highway. Wilson County was joined as a defendant, the petition praying that the value of the land appropriated be adjudged against Wilson County, in accordance with the law then in force.

On April 20, 1931, the petition was sustained by the circuit court, the land appropriated by metes and bounds, and the Highway Commissioner put in possession.

The answer of T. W. Rose was filed on June 17, 1931, not resisting the appropriation of his land, but making demand for compensation.

On June 18, 1931, the circuit court appointed a jury of view to assess the damages to which Rose might show himself entitled, with directions that the jury of view file a report in writing with the sheriff, to be delivered to the clerk of the court "on or before the next term."

The report of the jury of view, fixing the amount of the damages at $1450, was filed with the clerk of the circuit court on August 13, 1931, and on the first day of the succeeding term of the circuit court, August 17, 1931, this report was spread on the minutes of the court. In the same order it was recited that the petitioner "prayed and perfected an appeal to this Court, and he asks for a trial anew in this Court before a jury in the usual way, which appeal is granted," etc.

On April 3, 1932, T. W. Rose filed an amended and supplemental answer, reciting the enactment of the Public Acts of 1931, chapter 57, and averring that both the State of Tennessee and Wilson County were thereby

rendered liable jointly and severally, for the damages resulting to him from the appropriation of his land. The answer further avers: "However, as between the State of Tennessee and Wilson County, the State of Tennessee is primarily liable, but this order of liability as between the State and Wilson County in nowise releases the said County from joint liability with the State of Tennessee, to him, for the value of his property taken and the damages to the remainder of his property."

On April 25, 1932, Wilson County answered the original petition, insisting that under the Acts of 1931, chapter 57, all liability to Rose was transferred from the County to the State, releasing the County.

On May 3, 1932, the circuit court sustained the motion of T. W. Rose to dismiss the appeal of the petitioner from the report of the jury of view, on the ground that five days intervened between the date the report was filed and the date the appeal was taken. The prior order of appeal was accordingly vacated, and final judgment was rendered against the State of Tennessee for the damages assessed by the jury of view. It was further adjudged that Wilson County was no longer liable for any damages, under the statute of 1931, and it was discharged without day.

From this final judgment the Commissioner of Highways, for the State, has appealed in error to this court. The defendant, T. W. Rose, has also appealed from the judgment discharging Wilson County. Both plaintiffs in error have assigned errors.

Sections 3125 and 3126 of the Code of 1932, are identical with sections 3141 and 3142 of the Code of 1858, in force when the petitioner was granted an appeal from the report of the jury of view. The first of these

sections authorizes the circuit court to set aside the report of the jury of view, and award a new writ of inquiry, upon the objection or exception to the report by either party. The second of the two sections directs that either party "may also appeal from the finding of the jury, and, on giving security for the costs, have a trial anew, before a jury in the usual way."

The Code and statutes do not prescribe the time within which exceptions may be filed or an appeal taken.

In *Overton County Railroad Co.* v. *Eldridge,* 118 Tenn., 79, 98 S. W., 1051, exceptions to the report of a jury of view were overruled by the circuit court, and thereafter, before any decree was entered in the case, the landowner prayed an appeal, which was disallowed. This court held that the remedies afforded the parties in condemnation suits, by filing exceptions and by appeal with a trial *de novo* in the circuit court, are cumulative remedies, and that the circuit court was in error in refusing the landowner's prayer for an appeal after the exceptions to the report had been acted upon.

The case cited conclusively demonstrates the right of the State in the case before us to the appeal which the Commissioner prayed on the first day of the term following the date on which the report of the jury of view was filed.

We do not clearly understand how the Commissioner could have taken his appeal until the first day of the term. An order of the circuit court granting the appeal was necessary, and this could hardly have been made before the term was opened. We think there is nothing in the statutes regulating the procedure in condemnation suits which would require either party, dissatisfied with the report of the jury of view filed out

of term time, to take any action with respect thereto, either by filing exceptions or by praying an appeal, until such action can be had in open court. We expressly reserve the expression of an opinion as to whether exceptions may be filed or an appeal taken at any time before a judgment is rendered by the court, confirming the report.

The circuit court was in error in vacating the order granting the appeal of the State from the report of the jury of view, and the final judgment thereafter rendered must therefore be reversed and set aside.

Assignment of error filed by the landowner, T. W. Rose, complains that the circuit court erred in discharging Wilson County.

This assignment of error must be sustained. The order of the circuit court placing the State in possession of the land sought to be condemned, made prior to the payment of compensation for the land taken, was authorized by law, as held in *State Highway Department v. Mitchell Heirs,* 142 Tenn., 58. At that time the general revenues of the county were liable to the landowner for his compensation.

The Constitution of Tennessee, Article I, section 20, declares that "no retrospective law, or law impairing the obligations of contracts, shall be made." A retrospective law, within this constitutional inhibition, is one which infringes or divests vested rights. *Wynne v. Wynne,* 32 Tenn. (2 Swan), 404, 411, 58 Am. Dec., 66. "A vested right of action is property in the same sense in which tangible things are property, and is equally protected against arbitrary interference." Cooley's Constitutional Limitations (7th Ed.) 517.

At the time he was dispossessed of his land, the county

of Wilson was bound by law to satisfy Rose's claim for compensation, and there was created in Rose a vested right of action against the county for his damages. The certainty of satisfaction of this right of action was considered so nearly absolute in *State Highway Department* v. *Mitchell Heirs, supra,* that the State was authorized to take possession of the land without prior payment of the resulting damages. Subsequent release of the county, by the statute of 1931, would destroy the right of action against the county and thus destroy the vested right of the landowner.

It is urged that because the State is substituted for the county as obligor, the release of the county is a mere change of remedy, not affecting or prejudicing any substantial right of the landowner, and therefore not beyond the constitutional power of the legislature.

We are unable to assent to this contention. One debtor may not be substituted for another, by legislative mandate, without the consent of the creditor. The courts are open to the landowner, to enforce his right of action against the county, without further legislative action, as indicated in *State Highway Department* v. *Mitchell Heirs, supra.* His rights against the State are not identical, and may be enforced only if sufficient funds are made available for the satisfaction of his claim by legislative action. In all probability the State would satisfy its undertaking in good faith, but as a matter of strict legal right the landowner, we think, is entitled to hold his claim against the county if he so desires.

This right of the landowner was expressly excluded from our consideration of the statute of 1931 in *Baker* v. *Donegan,* 164 Tenn., 625, 47 S. W. (2d), 1095.

The judgment of the circuit court will be reversed, and the case remanded for further proceedings on the appeal to the circuit court granted by that court on August 17, 1931. Costs of the appeal to this Court will be adjudged, one-half against T. W. Rose and one-half against Wilson County.