BROWN HEIRS, PLAINTIFF IN ERROR, *v.* CANNON COUNTY *et al.*, DEFENDANTS IN ERROR.

(*Nashville,* December Term, 1932.)

Opinion filed February 11, 1933.

STERLING S. BROWN, for Brown Heirs.

CUMMINGS & MELTON, for Cannon County.

ROY H. BEELER, Attorney-General, JOHN L. NEELY, Assistant Attorney-General, and W. C. COOK, for State of Tennessee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The State Highway Department constructed a state highway through lands belonging to Brown Heirs, in Cannon County, in 1928, and thereafter Brown Heirs instituted this action against Cannon County, by petition asking for jury of view, and judgment against the county for the value of the land taken and incidental damages.

The action was pending when Acts 1931, chapter 57, was enacted, whereupon the county caused the Commissioner of Highways and Public Works for the State to be made a party, and sought to have the State substituted as the party liable to compensate the landowners.

The circuit court rendered judgment against the State

for the damages found by the jury of view, and the State has appealed in error.

The assignment of error filed by the State is that it is not liable for the damages awarded in this case, because at the time of the enactment of Acts 1931, chapter 57, "there was no pending litigation or dispute between Cannon County and the Department of Highways and Public Works as to their respective liability for the rights of way in Cannon County, and the Department of Highways and Public Works was not a party to this suit."

This contention of the State is grounded upon an opinion of the Court of Appeals at Jackson in the case of *Shelby County* v. *J. H. Adams,* filed March 3, 1932, construing Acts 1931, chapter 57. In that opinion the Court of Appeals limited the retroactive effect of the statute to instances in which, at the time of its enactment, there were pending disputes or litigation between the State and a county as to their respective liability.

Judgment was rendered against the county in the case cited. We denied *certiorari* and concurred in the result, because the landowner was insisting on his right to hold the county, and we were then of opinion that the county's liability to the landowner was not affected by the Act of 1931, for the reasons stated in the opinion we have this day filed in *Baker, Commissioner,* v. *T. W. Rose.*

The opinion of the Court of Appeals in *Shelby County* v. *Adams,* was filed prior to the decision of this Court in *Baker* v. *Donegan,* 164 Tenn., 625, 47 S. W. (2d), 1095. In that case we construed the Act of 1931 as broadly excluding county liability, in so far as the State is concerned, for all rights of way thereafter adopted, desig-

nated or taken over "whether such projects have been completed or are now under construction, or whether such rights of way are now involved in litigation," etc. We said: "This broad language could hardly have been employed except with the intention that it express the general rule to be followed and applied with respect to rights of way already acquired but not paid for."

The phrase in section 2 of the statute, "or whether such rights of way are now involved in litigation . . . as between said Department and the county or counties affected," etc., was construed by the Court of Appeals as limiting the scope of said section 2. We cannot agree to that construction. It ignores the introductory word "or," and is antagonistic to the context, which plainly shows that the phrase quoted was employed, by way of emphasis, to indicate that the transfer of liability from county to state, accomplished by the general language preceding, should apply even to instances then involved in litigation or dispute between county and state, and that such pending litigation or disputes should not interfere with or prevent the State's assumption of liability. This was the view we held in writing the opinion in *Baker* v. *Donegan, supra,* and we adhere to it now.

The assignment of error of the State will therefore be overruled.

■ Brown Heirs have also appealed in error, and contend, by assignment of error, that the circuit court erred in failing to hold that Cannon County, as well as the State, was liable to them for the damages awarded.

This assignment of error is sustained, on the authority of *Baker, Commissioner,* v. *T. W. Rose,* 165 Tenn., 543 this day decided.

The judgment of the circuit court will be modified accordingly, and the judgment to be entered here will be rendered against the State and county jointly. Otherwise the judgment of the circuit court will be affirmed. Costs of the appeal will be included in the judgment.