W. G. Phillips *v.* Marion County *et al.*

(*Nashville,* December Term, 1932.)

Opinion filed April 8, 1933.

J. T. RAULSTON, for plaintiff in error.

A. S. KELLY, S. P. RAULSTON, ROY H. BEELER, Attorney-General, JNO. L. NEELY, Assistant Attorney-General, and W. C. COOK, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

By summons issued February 24, 1930, Phillips brought this suit against Marion County, to recover damages for land taken for the construction of a state highway.

Counterpart summons was issued January 8, 1932, against the "State of Tennessee, Department of Highways and Public Works."

An amended declaration was filed on January 30, 1932, against both defendants, charging that a portion of plaintiff's land was taken, about June 1, 1929, in the construction of a state highway, and that damage was done to his property not taken, by a change of the grade of an existing street which was converted into the new highway.

The county was discharged from the suit by the circuit court, on its demurrer, and from that judgment the plaintiff has perfected an appeal to this court.

The opinion of this court in *Baker* v. *Rose,* 165 Tenn., 543, 56 S. W. (2d), 732, and in *Brown Heirs* v. *Cannon County,* 165 Tenn., 554, 56 S. W. (2d), 735, having been filed and published since the appeal was perfected, the

county concedes that its demurrer should have been overruled; and judgment so directing will be entered.

The circuit court rendered a default judgment against "the State of Tennessee" for a sum assessed by a jury as the amount of plaintiff's damages. That judgment was set aside and vacated at the instance of the Attorney-General of the State, in order that the court might consider a demurrer to the declaration prepared and filed by the Attorney-General. To secure this right to be heard on its demurrer, the State agreed that, if its demurrer should be overruled, it would not thereafter question the amount of plaintiff's damages, in the sum fixed by the jury.

The demurrer of the Attorney-General was filed on behalf of the "State of Tennessee, Department of Highways and Public Works, and R. H. Baker, Commissioner of the Department of Highways and Public Works," and presented the question that the suit may not be prosecuted against the State or its Department, because the State has not authorized it to be maintained nor excepted such a suit from the application of section 8634 of the Code.

This demurrer was overruled by the circuit court, and judgment was again rendered for the sum fixed by the jury on the *ex parte* hearing. This judgment was rendered against "the State of Tennessee and the Department of Highways and Public Works." An appeal in error was prayed and granted to this court.

 The liability of the State for the damages sustained by the plaintiff is a self-assumed burden, created by Acts 1931, chapter 57. The cases in which we have rendered judgment against the State or its Department of Highways and Public Works, with the exception of

*Brown Heirs* v. *Cannon County, supra,* were condemnation suits instituted by the Commissioner of Highways on behalf of the State. *Brown Heirs* v. *Cannon County* was a suit for damages for land taken, first brought by the landowners against the county, as in the case before us. The Commissioner of Highways and Public Works was made a party defendant at the instance of the county, and entered his appearance without question or protest. In none of the cases has execution been awarded against the State or the Department of Highways and Public Works, and in *Baker* v. *Donegan,* 164 Tenn., 625, 629, it was suggested that *mandamus* would be the proper remedy to enforce payment of the judgment by the Commissioner. We think none of these cases, therefore, can be treated as express or implied authority against the State's demurrer in the case before us.

Section 8634 of the Code is a general denial of jurisdiction of any suit against the state or its officers to reach its treasury, funds or property, and directs that any such suit shall be dismissed on motion, plea or demurrer of the law officer of the state, or counsel employed by the state.

In *Quinton* v. *Board of Claims,* 165 Tenn., 201, 214, 215, 54 S. W. (2d), 953, we said: "The State cannot be subjected to litigation at the suit of individuals unless the words of the Act are so plain, clear and unmistakeable as to leave no doubt of the intention of the Legislature that it should be done."

And in the same case, referring to the constitutional direction (Article I, section 17) that suits may be brought against the State "in such manner and in such courts as the Legislature may by law direct," we said: "This provision carries the positive implication that suits may

not be brought otherwise, or at all, unless the authority be affirmatively given by statute.''

 Acts 1931, chapter 57, in so far as it was made to apply to rights of way taken or condemned prior to its enactment, was designed and intended to relieve the several counties of burdens theretofore cast upon them by law, as we have heretofore held, but it contains no provision authorizing enforcement of the assumed liability by suit against the State or its officers. The statute and rule cited above clearly forbid the courts from assuming jurisdiction of such a suit, in the absence of statutory authority. We think therefore that we must hold that the enforcement of the Act of 1931 was left by the Legislature to the discretion of the Commissioner of Highways and Public Works. His compliance with the terms of the Act may be enforced by *mandamus,* when the right of the claimant is clear and the facts are undisputed or not subject to dispute, so that an exercise of discretion is not involved. *Peerless Construction Co.* v. *Bass,* 158 Tenn., 518, 14 S. W. (2d), 723.

Judgment will be entered reversing the judgment of the circuit court. The demurrer of the Attorney-General will be sustained, and the suit dismissed as to the Department of Highways and Public Works. The case will be remanded for further proceedings against Marion County on plaintiff's declaration against it. Costs of the appeal will be adjudged, one-half against Marion County and one-half against plaintiff and his sureties.