STATE *ex rel. v.* OLIVER.

(*Nashville,* December Term, 1933.)

Opinion filed January 16, 1934.

See, also, 164 Tenn., 555, 51 S. W. (2d), 993.

GAMBLE, GODDARD & GAMBLE, of Maryville, and J. W. COOPER, Assistant Attorney General, for the State.

KRAMER & KRAMER, of Maryville, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

The case is here upon appeal from the order of the trial court overruling the petitioner's motion to confirm the report of the jury of view, and upon its petition for the writ of *certiorari* to review the alleged illegal action of the trial court in refusing to confirm the report. *Certiorari* was invoked as means of review if the judgment is held interlocutory.

It is insisted by the petitioner that, notwithstanding an appeal was prayed by defendants from the finding of the jury of view and security given for costs as provided by section 1861 of Shannon's Code (Code, section 3126), the report of the jury should have been confirmed by the trial judge because there is no entry showing that the appeal was granted. The petitioner was proceeding under sections 1844-1865, Shannon's Code, section 3110 et seq., Code 1932, to condemn private property for public use.

Upon determination of the preliminary questions presented by the first appeal, 162 Tenn., 100, 35 S. W. (2d), 396, the cause was remanded for further proceedings. At the June term, 1931, the trial court issued the writ of inquiry and a jury of view assessed the value of the land, and filed its report. The report of the jury was returned by the sheriff, August 27, 1931. Neither party filed exceptions as ground for a new writ of inquiry as might have been done under section 1860, Shannon's Code, but on September 5, 1931, the defendants filed with the clerk of the court a formal prayer for an appeal from the report of the jury of view, and on the same day gave security for costs, as provided by section 1859 of Shannon's Code. This was in conformity with the procedure in such cases. Either party could except to the report of the jury of view, and upon sufficient reasons appearing another inquest could be ordered. Upon the coming in of the report of the first or the second jury, either party could, under sections 1860, 1861, Shannon's Code, appeal for a trial *de novo* before the court and a traverse jury on the question of damages. Sections 3124, 3125, 3126, Code 1932. *Mississippi Ry. Co.* v. *McDonald,* 12 Heisk., 54; *Tennessee Cent. R. Co.* v. *Campbell,* 109 Tenn., 650, 75 S. W., 1012; *Overton County R. Co.* v. *Eldridge,* 118 Tenn., 79, 98 S. W., 1051; *Baker* v. *Rose,* 165 Tenn., 547, 56 S. W. (2d), 732.

The defendants' prayer for appeal with bond for costs met the requirement of the statute and put the case on the docket for trial *de novo.* This was recognized by petitioner, for on the first day of the October term, after September 5 when defendants prayed an appeal and filed bond, it demanded a jury in conformity with section 4612, Shannon's Code, and thereby transferred the case from

the nonjury to the jury side of the trial docket. The petitioner did that before the report of the jury of view was entered on the minutes. When the report was entered on the minutes it was followed by this statement:

"And the defendants, John W. Oliver and wife, Nancy Oliver, having excepted to the finding of the Jury of View and prayed an appeal to the Circuit Court of Blount County, Tennessee, both as to the setting aside their property to the petitioner and also as to the amount of damages awarded by said jury, and tendered their cost bond, and the Court being of the opinion that the right to condemn and set aside said property to the petitioner for park purposes, as alleged in the petition, has already been adjudicated and settled by former decrees of this Court.

"It is ordered, adjudged and decree by the Court that said report except as to the amount of damages be and the same is hereby confirmed, and the said lands described in said report and set apart by the jury of view is hereby condemned and the title thereto is hereby divested out of the defendants and vested in the plaintiff State of Tennessee, for the purposes as set forth in the petition, subject to a lien for any judgment which may be rendered in this cause for the value of the above described tracts of land."

That entry was followed by another showing that defendants excepted to the action of the court in confirming the report in all respects except as to the amount of damages and showing that an appeal was prayed by defendants from the action of the trial court in holding that the land could be appropriated to public use. This entry concluded as follows:

"The petitioner State of Tennessee excepts to the action of the Court in granting an appeal at this time for the reason that the order confirming the report of the jury of view is not a final decree as no writ of possession has been awarded nor has the damages been paid nor has petitioner executed a bond as required by the statutes. The petitioner further excepts because the questions raised now by the defendants have already in his case been determined by the Supreme Court on a former appeal.

"Thereupon came counsel for petitioners and stated that in view of the holding of the Court that the case has a dual nature and since an appeal has been granted on one branch of the case they move to set the case down for trial on the question of damages to defendants which motion was overruled, the Court being of the opinion that the appeal on the amount of damages should await determination until the other branch of the case is disposed of, to which action of the Court petitioners excepted at the time."

The case came again to this court on the defendants' appeal from the action of the trial judge in holding that the land described in the jury's report could be appropriated to public use. That appeal was dismissed July 5, 1932, in an opinion published in 164 Tenn., 555, 51 S. W. (2d), 993.

The *procedendo* on the second appeal, filed in vacation, was entered at the October term, and when entered petitioner moved the court to set the case for trial. As we have shown, it had been transferred to the jury docket upon motion of the petitioner. The motion to set a day for trial was granted, but later in the term the cause was continued by consent. At the next term it went over un-

der a general order of continuance, and at the June term the petitioner moved to affirm the report of the jury of view upon the ground that no appeal was granted from the report of the jury.

Nothing on the record indicates that defendants waived the right of trial *de novo* given by section 1861 of Shannon's Code, but on the contrary it is shown that they prayed and perfected an appeal as provided by the statute.

The appeal authorized by section 1861, Shannon's Code, from the report of the jury of view, is not on appeal from one to another tribunal. The jury of view was an agency of the trial court. Its proceedings were under a writ of inquiry from the court. That inquiry is reviewable upon exceptions, and upon appeal. The jury of view could not grant or deny the appeal. It was only necessary for the trial court to recognize compliance with the statute in order to acquire jurisdiction to review its own proceeding. Since no time is provided within which to appeal and file the bond, it was sufficient if done within the first term as held in *Baker* v. *Rose,* 165 Tenn., 543, 56 S. W. (2d), 732.

Where no time is prescribed by statute for taking an appeal from the report of a jury of view, it must be taken within a reasonable time. Unreasonable delay might raise the inference that the landowner waived the right of appeal. But on this record it appears that defendants consistently demanded a trial *de novo* on the question of damages. Their appeal from the report of the jury of view was perfected in conformity with statutory rules of procedure. That fact is made apparent by entries showing the condemnors' recognition of defendants' right to the trial *de novo*.

160

■ In 2 Lewis Eminent Domain, 789, it is said the statute authorizing appeals from the report of the jury of view must be construed in favor of the right of trial *de novo* before the court and jury, and, when the right of appeal is given by statute, no conditions can be imposed, except those prescribed by statute. Our statute prescribes no condition, and the courts can impose none to defeat the right of a trial *do novo* on the question of damages after a timely appeal unattended by fact or circumstance indicating defendants' intention to waive the right.

The statement in *Baker* v. *Rose*, 165 Tenn., 543, 56 S. W. (2d), 732, 733, that "an order of the circuit court granting the appeal was necessary" was not required for a decision of the case. The court held in that case that either party dissatisfied with the report of the jury of view filed out of term could pray an appeal during the term, and failure to pray the appeal before the report was filed was not a waiver of the right to a trial *de novo*.

The action of the trial judge in refusing to sustain petitioner's motion to confirm the report of the jury was not illegal, and the petition for *certiorari* is dismissed.

Reviewing the case as upon direct appeal from the action of the trial judge, we find no error. Affirmed.