MARION COUNTY. *v.* TYDINGS *et al.*

SAME *v.* ANDERSON.

(*Knoxville*, September Term, 1935.)

Opinion filed Oct. 12, 1935.

TOM C. KELLY, of Jasper, for plaintiff in error.

THACH & THACH, of Chattanooga, for defendants in error.

MR. SPECIAL JUSTICE DAVIS delivered the opinion of the Court.

These two cases involve an identical question of law only, and they may be disposed of together.

In each case, the plaintiffs sue Marion county for the value of land taken by the commissioner of highways and public works, and for incidental damages resulting from such taking; the land being taken for the improvement of United States Highway No. 41, which is a state aid project on the road from Jasper to Chattanooga.

The cases were tried upon an agreed statement of facts, it being agreed in each case that the lands of the plaintiffs were taken by the department of highway and public works of the state of Tennessee, and that the value of the lands in each case was $100 and incidental damages $100, and it was agreed that if Marion county is liable, there should be a verdict of the jury and judgment of the court for $200 in each case, but that if the county is not liable for the taking, the court should direct a verdict in favor of the defendant in each case.

It is agreed that Marion county had nothing to do with the taking of the lands in question, and that the county had entered into no agreement with the highway department for the purchase of the right of way for the use of the state.

The trial court was of the opinion that the county is liable, directed the jury to that effect, and there was a verdict and judgment for the plaintiffs in each case. By appropriate preliminary steps, Marion county has brought the question before this court, and insists that the county is not liable, by reason of the provisions of chapter 57, Acts 1931. This act has been before this court in a number of cases heretofore decided.

In *Baker* v. *Donegan*, 164 Tenn., 625, 47 S. W. (2d),

1095, 52 S. W. (2d), 152, which was a condemnation suit brought by the commissioner of highways and public works, this court said, with reference to the act mentioned, that it is the duty of the commissioner to pay the judgment of the landowner, if the land is taken for highway purposes, out of any money under his control.

In *Baker* v. *Rose*, 165 Tenn., 543, 56 S. W. (2d), 732, 734, the petition for the taking of land for highway purposes was filed by the commissioner against Rose, the landowner, and Wilson county. Before the case was determined in the trial court, Rose, by an amended answer, averred the enactment of chapter 57, Acts 1931, and took the position that under this act both the state and county were jointly and severally liable to him for the value of the lands appropriated. This court held in that case that both the state and county were liable, and said:

"It is urged that because the state is substituted for the county as obligor, the release of the county is a mere change of remedy, not affecting or prejudicing any substantial right of the landowner, and therefore not beyond the constitutional power of the Legislature.

"We are unable to assent to this contention. One debtor may not be substituted for another, by legislative mandate, without the consent of the creditor. The courts are open to the landowner, to enforce his right of action against the county, without further legislative action, as indicated in *State Highway Department* v. *Mitchell's Heirs, supra* [142 Tenn., 58, 216 S. W., 336]. His rights against the state are not identical, and may be enforced only if sufficient funds are made available for the satisfaction of his claim by legislative action. In all probability the state would satisfy its undertaking in good faith; but as a matter of strict legal right the landowner,

we think, is entitled to hold his claim against the county if he so desires."

In *Baker* v. *Carson*, 165 Tenn., 551, 552, 56 S. W. (2d), 734, 735, a case in which the lands were condemned for highway purposes prior to the enactment of chapter 57, Acts 1931, but in which the damages were fixed after the passage of this statute, this court said:

"In so far as the respective rights of the county and state are concerned, the liability of the state to compensate the landowner, under the Act of 1931, is the primary obligation."

The act has been said to constitute a self-assumed burden upon the part of the state. *Phillips* v. *Marion County*, 166 Tenn., 83, 59 S. W. (2d) 507. This court has said that the enforcement of the act of 1931 was left by the Legislature to the discretion of the commissioner of highways and public works, and that his compliance with the terms of the act may be enforced by mandamus in a proper case.

In no case has this court awarded an execution against the state, or the commissioner of highways and public works, for lands taken in the construction of highways, and this court has given no construction to the 1931 act tending to exempt the county from liability to the landowner for lands taken for highway uses, even though such lands be taken by the state. We are not willing now to so construe the act. To do so would be to read into the act a purpose and exemption not found expressed in the language of the act, nor reasonably implied therefrom. Indeed, such construction would seem to deprive the landowner of a remedy, since it has been held that the act gives the landowner no right of action against the department of highways and public works (*Phillips* v.

*Marion County, supra*), and the state cannot be sued. The uniform construction heretofore given the act is such as to indicate that this court considers the county to be liable for lands taken for highway purposes, just as it was prior to the passage of the act; and the cases here under consideration well illustrate the wisdom and justice of such construction.

It is immaterial that the county has or has not entered into a contract to co-operate with the department of highways and public works; and whether the obligation of the county be regarded as primary or secondary, as between the state and itself, as to the landowner, the county's liability is direct, and may be enforced.

There is no error in the judgments of the trial court. The assignments of error are overruled, and the judgments of the trial court are affirmed, at the cost of Marion county.

Nothing said in this opinion is intended to modify any former decision of this court as to the primary liability of the state for lands taken for highway purposes; and this opinion shall be without prejudice against Marion county to be reimbursed by the state for the liability fixed upon it in these cases.