# JOHN L. McLAIN and wife, v. STATE OF TENNESSEE and SULLIVAN COUNTY.— 442 S.W.2d 637

Eastern Section. November 14, 1968.

Certiorari Denied by Supreme Court April 7, 1969.

Sanders & Wilson and R. Cameron Rollins, Kingsport, for appellant.

Curtin, Haynes & Winston, Bristol, for appellees.

McAMIS, P.J. John L. McLain and wife filed the bill in this case to set aside, on the ground of mutual mistake,

the conveyance of a portion of their property conveyed to the State of Tennessee in connection with the widening of Highway 11 E in Sullivan County.

The bill named as defendants State of Tennessee and Sullivan County. Both defendants demurred to the bill on the ground, among others, that the State is immune from suit and the County, being an arm of the State, is entitled to invoke the State's immunity. A further ground of the demurrer was the failure of complainants to reimburse or offer to repay the State the sum of $7,700.00 paid them for the right of way.

The Chancellor took the demurrers under advisement until proof could be heard, then considered the demurrers along with the case on the proof. The final decree sustained that ground of the State's demurrer which interposed the defense of immunity. The demurrer of the County was overruled.

On the proof the Chancellor found that the State, in negotiating for the right of way, believed and so represented to complainants that the right of way would not touch the residence located on their property but as described in the deed it encroached on the house a distance of approximately two feet.

On this finding the Chancellor granted a "modification" of the deed reducing the width of the right of way by two feet and under the allegations of the bill allowed complainants an inverse condemnation recovery of $750.00.

Sullivan County has appealed and assigned errors. Complainants have not assigned error to the action of the Chancellor in sustaining the State's demurrer and there is no assignment by Sullivan County as to the

Chancellor's finding of a mutual mistake of fact in the encroachment of the right of way upon the house or that two feet was more than was necessary to remove the encroachment.

The County's first assignment of error is that the Court erred in overruling its demurrer. The second assignment is that the Court erred in granting a modification of the deed and in addition allowing a recovery for a taking. It is necessary to make only passing reference to the County's claim of immunity. As shown hereinafter it can be sued for land appropriated by the State.

We overruled the first assignment.

The first question raised by this assignment is that the Chancery Court is without jurisdiction to entertain an action by a landowner to recover under T.C.A. sec. 23-1423 for the value of land and incidental damages where the condemning authority has failed to institute a condemnation proceeding.

■ It is true that, generally, such an action can not be brought in the Chancery Court. Cox v. State, 217 Tenn. 644, 399 S.W.2d 776; Monday v. Knox County, 220 Tenn. 313, 417 S.W.2d 536.

In the Monday case, just cited, the landowner sued the county in the Chancery Court alleging a public and private nuisance in the accumulation of water due to the construction of a highway. The bill also sought recovery of damages for the taking of property under eminent domain. In an opinion by Mr. Justice Dyer the Court said:

"(I)t is apparent there has been a taking of complainant's property for public use for which the remedy is reverse condemnation proceedings and defendant

would not be liable on the theory of a nuisance. It results defendant not being liable on the theory of a nuisance the chancery court was without jurisdiction to hear the case."

Here the chancery court and only the chancery court had jurisdiction to reform the deed, on the ground of mutual mistake, to make it speak the true intention both of the complainants and the state. It was clear additional damages were due complainants because the right of way included a portion of the house. Having invoked the aid of a court of equity for relief on a ground cognizable only in that court, there being no adequate remedy at law, the Chancellor correctly entertained the suit in the dual aspect of seeking damages and a reformation of the deed. If complainants had brought suit at law in a reverse condemnation action without reformation of the deed they would have been repelled on the ground they had been paid damages for the encroachment. The effect of the State not being a party properly before the court and whether the chancellor erred in granting both reformation and a recovery of damages will be considered hereinafter.

On the question of jurisdiction Chambers v. Chatt. Union R. Co., 130 Tenn. 459, 171 S.W. 84, is controlling. In that case the court said that while the chancery court has no jurisdiction of a statutory reverse condemnation suit, it will grant relief in the form of damages when it takes jurisdiction to grant relief appropriate only to a proceeding in chancery.

But, it is said, the Chancellor should have sustained the demurrer because complainants had not tendered into court the amount received under the deed. We can not follow this argument. The Chancellor was asked to re-

form the deed as to only a small portion of the land— not to hold it void. The State is still in possession of the land and using it for highway purposes and strenuously insists that it can not be made a party defendant, with the result that complete justice can not be done between all the parties in interest. Under the circumstances equity will not withhold relief because complainants have failed to tender the $7,700.00 they received from a party not before the court.

Under the peculiar circumstances of this case we are also of opinion the Chancellor correctly allowed both a modification of the deed and a recovery of damages in the amount of $750.00.

To enable the property owner to recover damages for land taken by the state for highway purposes our Supreme Court has held, since the state can not be sued, there exists a right of action against the county in a reverse condemnation proceeding. Otherwise there would be a right without a remedy and a taking without just compensation in violation of the constitution. Phillips v. Marion County, 166 Tenn. 83, 59 S.W.2d 507; Baker v. Rose, 165 Tenn. 543, 56 S.W.2d 732; Brooksbank v. Leech, 206 Tenn. 176, 182, 332 S.W.2d 210.

As above said, if complainants had sued at law they would have been repelled. They attempted to proceed against the state to obtain a modification of the deed but were met with a plea of immunity. They now are attempting to proceed against the county, the only remaining entity against which they can proceed. We think this makes the proceeding for reformation sufficiently adversary in nature and effect to permit the chancery court to modify the deed for the limited purpose of permitting recovery of damages. The decree, of course,

is not binding on the state. It still holds legal title to the two feet of land here in question and its title is at least a cloud on complainants' title.

In view of the manifest equities in complainants' favor it is somewhat surprising the state claimed its immunity or failed to tender a quit claim deed to this small strip of land. If the state had done so we would hold complainants could not have both damages and modification of the deed. Having failed to take either action the state may have rendered itself subject to a claim by the county under T.C.A. sec. 54-511. However, we are not here concerned with that question. The state's title to this strip of land is still of record. No question is made as to the amount of the recovery and, as the record stands, we think complainants' right to a recovery in some amount is clear.

Affirmed at the cost of defendant Sullivan County.

Cooper and Parrott, JJ., concur.