**Sylvia DELASHMIT, as surviving spouse and personal representative of the Estate of John Wayne Delashmit, deceased, Plaintiff–Appellee,**

v.

**CITY OF COVINGTON, TML Risk Management Pool Claims/Tennessee Municipal League, Workers' Compensation Carrier for the City of Covington, Defendant–Appellee,**

and

**Sue Ann Head, Director, Division of Workers' Compensation, Second Injury Fund, Defendant–Appellant.**

Supreme Court of Tennessee, at Jackson.

Nov. 14, 1994.

Charles W. Burson, Atty. Gen. and Reporter and Dianne Stamey Dycus, Senior Counsel, Nashville, for appellant Second Injury Fund.

J. Houston Gordon, Covington, for plaintiff-appellee.

David M. Cook and W. Timothy Hayes, Jr., the Hardison Law Firm, Memphis, for defendant-appellee.

### OPINION

DROWOTA, Justice.

This is an appeal by Sue Ann Head, Director, Division of Workers' Compensation, Second Injury Fund (the Fund), in which it is alleged that the trial court erred in holding the Fund liable for 40 percent of the award of workers' compensation death benefits to the Plaintiff. The Fund contends that death benefits in workers' compensation cases are not recoverable from the Fund. The legal issue, one of first impression, is: Does T.C.A. § 50–6–208(b) include benefits due dependents of a deceased employee? The Chancellor held that it does and apportioned the award of death benefits 60 percent to the employer and 40 percent to the Fund.

The deceased, John Wayne Delashmit, was a police officer for the City of Covington and was 48 years old at the time of his death. The Plaintiff, Sylvia Delashmit, is the widow of the deceased who died on November 4, 1991 as a result of a sudden heart attack brought on by the unusual and extraordinary physical activities and stress of his job while supervising the qualification of other employees on the obstacle and gun range course.

There is a statutory presumption that the Plaintiff's decedent's death was "in line of

duty, and to have been in the line and course of employment, and in the actual discharge of the duties of [his] position...." T.C.A. § 7-51-201(a)(1). The Chancellor found that, "based upon the overwhelming and convincing medical proof," the decedent's death was causally related to the activities of his employment, and that his death arose out of and in the course and scope of his employment. No one contests the finding by the Chancellor that Plaintiff is entitled to recover 100 percent death benefits under the workers' compensation statute. The dispute of who pays is primarily between the Fund and the employer. The sole issue is whether the Fund is liable for the payment of benefits to dependents in death cases under T.C.A. § 50-6-208(b).

The record reflects that the deceased had previously suffered a compensable on-the-job injury in 1988 while working for the City of Covington. His workers' compensation claim was settled in the Chancery Court of Tipton County based upon payment of permanent partial disability of 40 percent to the body as a whole. Thus, the Chancellor in this case ordered the Fund to pay 40 percent of the benefits pursuant to T.C.A. § 50-6-208(b), and the City of Covington and its insurer were held liable for the remaining 60 percent of the award.

In *Burris v. Cross Mountain Coal Co.*, 798 S.W.2d 746, 748 (Tenn.1990), we held that under its own terms, subsection 208(b) applies when an employee has received a prior workers' compensation award or awards for permanent disability to the body as a whole and the combination of such awards equals or exceeds 100 percent permanent disability to the body as a whole. When this occurs, the awards are combined and the Second Injury Fund is liable for benefits due to the employee in excess of 100 percent. Appellees argue that in this case the deceased had a prior 1988 disability of 40 percent to the body as a whole and when combined with the 100 percent death benefits, this exceeds 100 percent by the 40 percent apportioned to the Fund by the Chancellor.

The Fund does not challenge the finding of the Chancellor that the Plaintiff is entitled to workers' compensation benefits pursuant to

T.C.A. § 50-6-210. This code section provides that in cases in which a work-related injury results in the death of an employee, workers' compensation benefits are paid to the dependents of the employee. Section 210(e).

The Fund, however, avers that the Chancellor did err in construing the provisions of the Second Injury Fund Statute, T.C.A. § 50-6-208(b), as being applied to the provisions regarding benefits to dependents in death cases. The Fund points out that the statutory provisions relating to benefits due to employees under the Second Injury Fund (subsection 208) are separate and distinct from the statutory provisions regarding payment of benefits to dependents in death cases (subsection 210). The Fund contends that the statutes regarding the payment of benefits to dependents in death cases are silent as to any liability of the Second Injury Fund. The Fund argues that the Legislature must clearly express its intent that the State consents to suit in words that are so plain, clear and unmistakable as to leave no doubt of the Legislature's intention. *Phillips v. Marion County*, 166 Tenn. 83, 86, 59 S.W.2d 507 (1933). The Fund avers that the Chancellor erred in implying that the State had consented to be sued for benefits to dependents in death cases. The State concedes that it has consented to be sued for recovery of benefits from the Second Injury Fund pursuant to T.C.A. § 50-6-208. It argues, however, that it has not consented to suits for recovery of benefits to dependents in death cases.

The Appellees concede that the State of Tennessee, as a sovereign, is immune from suit except as it consents to be sued. Appellees argue, however, that the objective of the legislation creating the Second Injury Fund is to limit the liability exposure of the employer by holding it responsible only for the employee's first 100 percent of workers' compensation disability, thereby encouraging the employment of injured workers. Appellees aver that to hold as the Fund contends in this case would hold the employer responsible for paying a total of 140 percent permanent disability to the body as a whole. The Appellees argue that §§ 50-6-210(e) and 50-6-208 contain no language exempting the

Second Injury Fund from the payment of benefits in death cases.

Appellees aver that the purpose of the statute, to encourage employers to hire those individual workers who have pre-existing disabilities would be defeated by the argument asserted by the Fund. Plaintiff argues that it seems clear that the Legislature intended the "permanent and total" disability to include death.

In *Cox v. Martin Marietta Energy Systems*, 832 S.W.2d 534 (Tenn.1992), the employer made a similar argument pointing out that:

> "the basic purpose of the Second Injury Fund is to encourage the employment of persons with permanent physical disabilities and handicaps by limiting, to some extent, the employer's workers' compensation liability. The employer asserts that the position advanced by the Second Injury Fund is in direct conflict with this purpose.
>
> The pivotal issue, which has not been previously addressed by this Court, is whether subsection (b) applies literally only to 'workers' compensation award or awards' or whether the statutory language also encompasses other entity's, such as the United States government's or T.V.A.'s, award of benefits to an injured employee."

832 S.W.2d at 537.

The prior award in *Cox* was a previous Veteran's Administration award. The employer asked this Court to read into "workers' compensation award or awards," found in subsection 208(b), Veteran Administration awards. We held that "[w]e are unwilling to expand the clear meaning of the phrase 'workers' compensation award' to include a Veteran Administration award." We concluded by stating: "[w]e feel that any expansion to cover other such entities should be left to the legislature." 832 S.W.2d at 538.

We are of the opinion that the Fund is not liable for the payment of benefits to dependents in death cases. T.C.A. § 50-6-208(b) specifically applies only to permanent disability compensation due to an employee for subsequent compensable injuries to the body

as a whole. There is no provision in Section 208 for the payment of benefits to dependents of deceased employees. We agree with Appellees that not holding the Fund liable for the payment of death benefits to dependents in death cases will have the effect on current or potential employers to have no incentive to retain or hire the employee. However, this public policy argument, as in *Cox*, addresses itself to the Legislature. The statutory language fails to include the payment of death benefits to dependents in death cases, and we are unwilling to expand the statutory language "permanent and total" disability to include death benefits. We are of the opinion that the trial court erred in implying that the State had consented to be sued for these benefits.

The costs of this appeal are taxed to Defendant–Appellee.

ANDERSON, C.J., REID and BIRCH, JJ., and O'BRIEN, Special Justice, concur.