# IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT JACKSON

_____

| | | |
|---|---|---|
| **JAMES C. HISE, JR. and wife**, **BRENDA L. HISE**, | ) ) ) | Shelby County Circuit Court No. 74283 T.D. |
| Plaintiffs/Appellants. | ) ) | |
| VS. | ) ) | C.A. No. 02A01-9701-CV-00023 |
| **STATE OF TENNESSEE, DEPARTMENT OF TRANSPORTATION, BRUCE SALTSMAN, COMMISSIONER**, | ) ) ) ) ) ) | |
| Defendants/Appellees. | ) ) | |

**FILED**

**October 8, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

From the Circuit Court of Shelby County at Memphis.
**Honorable Kay S. Robilio, Judge**

**John D. Horne**, THE WINCHESTER LAW FIRM, Memphis, Tennessee
Attorney for Plaintiffs/Appellants.

**John Knox Walkup**, Attorney General & Reporter
**Michael E. Moore**, Solicitor General
**Larry M. Teague**, Senior Counsel
Attorney for Defendants/Appellees.

OPINION FILED:

**AFFIRMED AND REMANDED**

**FARMER, J.**

**HIGHERS, J.**: (Concurs)
**INMAN, Sr. J.**: (Concurs)

James C. Hise, Jr. and wife, Brenda L. Hise sued the State of Tennessee, the Department of Transportation and its commissioner for damages in an inverse condemnation action. The complaint alleges that, after conveying a portion of their property to the state, they learned that the project adversely impacted their commercial property. The defendants filed a motion to dismiss on the basis of sovereign immunity. The motion was granted and the plaintiffs appealed.

Appellants contend that they are authorized to bring this action against the State pursuant to T.C.A. § 29-16-123(a).[1] As noted below, this section of the eminent domain statutes permits suit by the landowner, commonly referred to as inverse condemnation. They further rely on Art. I, § 21 of the Constitution of Tennessee which provides, in part, that no one's property shall be taken without just compensation.

Appellants acknowledge Art. I, § 17, which provides in part that "suits may be brought against the State in such manner and in such courts as the Legislature may by law direct." They contend that the legislature has authorized a suit such as theirs against the state by the passage of § 29-16-102(a) of the eminent domain statute, which provides:

> This chapter shall be deemed, unless expressly stated to the contrary, and without incorporation or reference, to be a part of every section, or legislative act, present or future, which grants the power of such condemnation.

They further rely on T.C.A. § 29-20-105 of the Governmental Tort Liability Act which provides that "[t]his chapter shall not apply to any action in eminent domain initiated by a landowner under §§ 29-16-123 and 29-16-124 nor be construed to impliedly repeal those statutes." However, this Act does not apply to the state government, its agencies and departments. *Lucius v. City of Memphis*, 925 S.W.2d 522, 525 (Tenn. 1996).

---

[1]**29-16-123. Action initiated by owner. --** (a) If, however, such person or company has actually taken possession of such land, occupying it for the purposes of internal improvement, the owner of such land may petition for a jury of inquest, in which case the same proceedings may be had, as near as may be, as hereinbefore provided; or he may sue for damages in the ordinary way, in which case the jury shall lay off the land by metes and bounds and assess the damages, as upon the trial of an appeal from the return of a jury of inquest.

T.C.A. § 20-13-102(a) provides as follows:

> **Actions against state prohibited.** -- (a) No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state.

It has long been the law in this state that the state cannot be subject to litigation by individuals unless the words of the act are so plain, clear and unmistakable as to leave no doubt of the legislative intent that it should be done. *Quinton v. Board of Claims*, 54 S.W.2d 953 (Tenn. 1932). The State is immune from suit in a state court unless the legislature specifically provides to the contrary. *Shell v. State*, 893 S.W.2d 416, 420 (Tenn. 1995). In *Phillips v. Marion County*, 59 S.W.2d 507 (Tenn. 1933), suit was brought against the county to recover damages for land taken for the construction of a state highway. Counterpart summons was issued against the State of Tennessee, Department of Highways and Public Works. In holding that the demurrer filed on behalf of the state should have been sustained, the court said:

> Public Acts 1931, chapter 57, (now T.C.A. § 54-5-111)[2] in so far as it was made to apply to rights of way taken or condemned prior to its enactment, was designed and intended to relieve the several counties of burdens theretofore cast upon them by law, as we have heretofore held, but it contains no provision authorizing enforcement of the assumed liability by suit against the state or its officers. The statute and rule cited above clearly forbid the courts from assuming jurisdiction of such a suit, in the absence of statutory authority. We think therefore that we must hold that the enforcement of the act of 1931 was left by the Legislature to the discretion of the commissioner of highways and public works. His compliance with the terms of the act may be enforced by mandamus, when the right of the claimant is clear and the facts are undisputed or not subject to dispute, so that an exercise of discretion is not involved. *Peerless Construction Co. v. Bass*, 158 Tenn. 518, 14 S.W.(2d) 732.

---

[2] **54-5-111. Rights-of-way for state highways -- Liability for cost.** -- (a) The state of Tennessee is liable for and shall be held to pay, through its department of transportation and as other highway expenses are paid, for all rights-of-way and damages and costs incident to the acquisition and use of same, whether by condemnation suits or otherwise as provided by existing laws, necessary to the construction of any highway, or parts thereof, designated and adopted by the department as and for a state or state and federal aid highway in the state's system of highways.

(b) No county affected by such highways will be liable therefor, nor shall any county pay or enter into an agreement to pay any part of such costs.

*Phillips*, 59 S.W.2d at 509.

The question before the court in *Brooksbank v. Leech*, 332 S.W.2d 210 (Tenn. 1959), was whether a landowner may maintain a suit against the state highway commissioner for the taking of land for the construction of a limited access highway. The court noted that by the enactment of § 54-511 (now T.C.A. § 54-5-111) the state assumed the burden for the damage sustained by one whose property is taken for state highway purposes. The court cited *Phillips v. Marion County* for the proposition that, under this statute, the county was liable to the landowner and not the state, that is, the state was not directly liable to the landowner but the landowner's right of action was against the county in which the land lay. In noting that each of the code sections dealing with eminent domain must be read in *pari materia*, the court held that there was no direct permissive right for suits against the state.

In *McLain v. State of Tennessee and Sullivan County*, 442 S.W.2d 637, 640 (Tenn. App. 1968), this Court said:

> To enable the property owner to recover damages for land taken by the state for highway purposes our Supreme Court has held, since the state can not be sued, there exists a right of action against the county in a reverse condemnation proceeding. Otherwise there would be a right without a remedy and a taking without just compensation in violation of the constitution. *Phillips v. Marion County*, 166 Tenn. 83, 59 S.W.2d 507; *Baker v. Rose*, 165 Tenn. 543, 56 S.W.2d 732; *Brooksbank v. Leech*, 206 Tenn. 176, 182, 332 S.W.2d 210.

In another inverse condemnation action, *Jones v. Cocke County*, 420 S.W.2d 587, 590 (Tenn. App. 1967), this Court noted that the state is not amenable to a suit by a landowner in an action such as this.

Appellants further rely upon language in *Cox v. State*, 399 S.W.2d 776 (Tenn. 1965) which states that, if in fact the game and fish commission took land by condemnation or by purchase from one whose title was bad, then the sole remedy of the owner of the property is an action at law for just compensation pursuant to T.C.A. § 23-1423 (now 29-16-123). However, the holding in that case was a sustaining of the state's demurrer on the basis that jurisdiction to try condemnation and

reverse condemnation suits is conferred upon the circuit courts, and not upon chancery court where the case was instituted.

Suit may not be brought against a governmental entity except to the extent that the governmental entity has consented to be sued. The doctrine of sovereign immunity has been a part of the law of this state for more than a century. *Lucius v. City of Memphis*, 925 S.W.2d 522, 525 (Tenn. 1996). It is presumed that statutes are not repealed by implication. The legislature is presumed to have knowledge of the state of the law on the subject under consideration at the time it enacts legislation. *Jenkins v. Loudon County*, 736 S.W.2d 603, 608 (Tenn. 1987); *Equitable Life Assurance Co. v. Odle*, 547 S.W.2d 939, 941 (Tenn. 1977). Reading the sections of the eminent domain statutes in *pari materia*, and reviewing the holdings heretofore set forth, we conclude that the legislature has not specifically allowed a landowner in an inverse condemnation action to file suit against the State of Tennessee. It results that the judgment of the trial court is affirmed. Costs of this cause are taxed to the appellant.

_____
FARMER, J.

_____
HIGHERS, J. (Concurs)

_____
INMAN, Sr. J. (Concurs)