DICKSON COUNTY and TOWN OF DICKSON, Plaintiffs in Error, v. D. E. WALL, Defendant in Error.

Middle Section. December 6, 1930.

Howard E. Brown, of Dickson, for Town of Dickson.
W. O. Hake, of Dickson, for County of Dickson.
Hall & Brown, of Dickson, for defendant in error.

DeWITT, J. The plaintiff below, D. E. Wall, recovered a judgment jointly against the county of Dickson and the town of Dickson for $1425 as compensation for the taking of part of his land and incidental damages to the remainder. The suit grew out of the construction of Highway No. 48 by the State Department of Highways and Public Works, with Federal aid, from north to south through the county of Dickson and town of Dickson.

The plaintiff owned a tract of land containing a residence and barn, lying in Dickson County, partly within and partly without the corporate limits of the town of Dickson. The highway was laid out over and through this tract of land by the State Department of Highways and Public Works. The work of grading and construction was carried on along this route. The judgment rendered, upon the verdict of a jury, is for $175 as the value of plaintiff's land actually taken and $1250 as incidental damages to the remainder of the property of the plaintiff. No complaint is made that this award is excessive and there is material evidence to sustain it as to the amount.

The town of Dickson, by demurrer, and the county of Dickson, by plea, interposed the defense of misjoinder, claiming that their liabilities, if any, were separate and independent of each other, each being capable of definite ascertainment. This defense was overruled by the court, and both plaintiffs in error here challenge this action. In the view which we take of this case, this question is immaterial.

At the October term, 1927, of the Dickson County Quarterly Court, a proposal was made, and it was by resolution accepted by said court, that the county furnish to the State of Tennessee the right of way for

this highway—the resolution reciting further: "and in addition to furnish all right of way and borrow pits, free of obstructions, both as to titles and buildings, which may be necessary for the proper location and construction of the described work."

The resolution contained the following description, in two parts, of the highway thus laid out:

"The section of road beginning at Dickson and extending along State Highway No. 48 via Charlotte and Cumberland Furnace to the Montgomery County line, a distance of approximately 22.6 miles, consisting of grading and drainage."

"And beginning at the Hickman County line and a distance of 9 miles, extending along State Highway No. 48 to Dickson."

No proposal was ever made to the town of Dickson to furnish any right of way for this highway, nor did it in its corporate capacity agree to do so; nor did it attempt to have anything to do with the location of the highway through the town or the construction of it, except that some dirt was furnished by it for a fill several blocks away from the plaintiff's land.

In October, 1928, a suit was brought in the Circuit Court against the plaintiff Wall by the Commissioner of Highways and 'Public Works, under the provisions of Chapter 74 of the Acts of 1917 and chapter 149 of the Acts of 1919, to condemn, for the purposes of this highway, a right of way over that part of plaintiff's land lying without the town of Dickson. The town of Dickson was not a party to this proceeding. A jury of view undertook to assess the damages, but its report was not filed with the Clerk and of course no judgment was entered thereon. No steps were properly taken to compensate the plaintiff for the taking of his property. He brought this suit in March, 1929, to obtain an adjudication and settlement of what was due to him.

The aforesaid acts of 1917 and 1919 provide that suits for condemnation of lands for purposes of construction of highways by the State and county aid, may be brought by the county or by the Commissioner of Highways and Public Works. In State Highway Department v. Mitchell's Heirs, 142 Tenn., 58, 216 S. W., 336, the court said:

"As before indicated, proceedings herein will be according to the general condemnation laws, except as they are modified by the Acts of 1917 and 1919. Compensation will be assessed and a judgment against the county then obtained, for such a judgment is plainly authorized by section 5 of Chapter 74 of the Acts of 1917. The same section enacts this: All judgments rendered and other expenses necessarily incurred in such condemnation proceedings shall be paid out of the general funds of the county, in which the expenses are incurred and standing to the credit of the trustee, on the warrant and voucher of the county judge or chairman, drawn under the direction of the secretary of the department."

In Carroll County v. Matlock, 7 Tenn. App., 567, referring to the aforesaid case, it was said:

"That was a condemnation suit brought by the Highway Commission and Washington County, and the court in reversing and remanding the case said it would be proceeded with under the general law except as modified by Acts of 1917 and 1919, and a judgment would go against the county for compensation due the owner of the land. If, then, in the present case the State Highway Commission had instituted condemnation proceedings the judgment would have gone against the county of Carroll for the compensation due the owner, Matlock. Applying then the general rule that the party liable in case of condemnation is liable in case of possession taken without condemnation it is immaterial whether possession was taken by the county or by the Highway Commission, in either event the compensation should be assessed against the county.

"The two statutes taken together, with the general provisions for condemnation in the Code constitute a scheme by which the obligation is imposed upon the county, in the first instance to secure the right of way for highway purposes. If the county will not act promptly then the State authorities may act, so the work will not be delayed, but in any event the amount due the landowner is assessed against the county, and this result follows if possession is taken without proceedings to condemn."

It is therefore well settled both by statutory provision and by judicial decision, that the county through which such proposed highway is to run is liable for the value of land so taken and for incidental damages, whether upon judgment after condemnation or upon possession taken without condemnation. These statutes in force when the plaintiff's property was taken provided for such payment by the county. They contain no provision for any payment by an incorporated town or city through which the highway is run. The land lying within the corporate limits of the town or city is a part of the county in which it is located. Chapter 42 of the Public Acts of 1929 providing that the Department of Highways and Public Works shall construct, maintain, or contribute to the construction, or maintenance of all streets or roads within municipalities over which the traffic from the state highways is routed through the municipalities, is not retroactive and does not apply to this case.

The town of Dickson, furthermore, was neither asked, nor did it agree, to furnish any of the right of way for this highway. The resolution of the Quarterly County Court, reasonably interpreted, did not restrict the liability of the county to the land lying without the corporate limits of Dickson.

We conclude, therefore, that the county of Dickson alone is liable for the compensation due to the plaintiff as determined by the judg-

ment; that the town of Dickson is not liable for any of it; and that the motion made in behalf of the town of Dickson for a directed verdict in its favor should have been sustained.

The judgment is reversed and the suit is dismissed as to the town of Dickson, and affirmed as to the county. Judgment will be entered in this court in favor of D. E. Wall against the county of Dickson for $1425, with interest from the date of the judgment in the Circuit Court, and all costs of this cause, except the costs in the court below incident to making the town of Dickson a party, and these costs will be adjudged against the plaintiff below and the surety on his cost bond. The costs of the appeal will also be adjudged against the county of Dickson and the surety on its appeal bond.

Faw, P. J., and Crownover, J., concur.