DAVE JONES et al., Plaintiffs in Error, v. COCKE COUNTY, Defendant in Error. No. 22. —420 S.W.(2d) 587.

Eastern Section. August 2, 1967.

Certiorari Denied by Supreme Court November 6, 1967.

Porter & Porter, Newport, for plaintiffs in error.

Myers & Myers, Newport, for defendant in error.

PARROTT, J.   This suit is an inverse or reverse condemnation action brought in the circuit court. Plaintiffs sue Cocke County for the taking of and damage to their property by flooding, all of which lies in Cocke County.

It is alleged that the construction of a bridge and approaching embankment thereto severely restricted the natural drainage of the flood waters of the Nolichucky River, causing plaintiffs' property to be flooded and suffer damages.

In the court below, as in this court, three principal issues were presented for determination: (1) Was there a taking of plaintiff's property? (2) If there was a taking, was the suit barred by the twelve months statute of limitations (T.C.A. 23-1424)? (3) Did plaintiffs have a right of action against the county where the land lies when all engineering and construction was done by the State of Tennessee, with the alleged cause of the injury (embankment) being located in another county?

The circuit judge, sitting without a jury, in his written memorandum opinion found there was a taking of the property. He deemed it unnecessary to decide the question of the statute of limitations but concluded plaintiffs did not have a right of action against Cocke County. From this action of the circuit judge the property owners have appealed.

In the court below, by agreement of the parties, only the question of liability was determined. Thus, we are not concerned with damages.

The undisputed proof shows that in 1958 the State of Tennessee, through its Department of Highways and Public Works determined it was necessary to relocate a road which ran through Cocke County across the Nolichucky River and into Hamblen County. By similar resolutions, Cocke and Hamblen Counties agreed to provide the rights of way but did nothing else toward the construction. All other work—designing, engineering and construction—was either done by or under the supervision of the State Department of Highways.

The Nolichucky River, at the point of the bridge, is the boundary line between Cocke and Hamblen Counties. On the Cocke County side there is a high bank or bluff which serves as an approach for the bridge. On the Hamblen County side, which is fairly level, it was necessary to build a fill or embankment some 3900 feet long and approximately 25 feet in height to get an approach to the bridge. Within this embankment there was placed one dry-land bridge or culvert with an opening of approximately 590 feet. This embankment and bridge decreased to about one-sixth the space or area which flood water could flow prior to the construction. All of plaintiff's property lies in Cocke County, upstream from the bridge. The lands are fairly flat and would be termed as river bottoms.

In March 1963 there were heavy rains in the upstream area. As a result of these rains a flood occurred with approximately 200 acres of plaintiffs' 400 acre farm being inundated on March 13th, 14th and 15th. This was the first flooding of the property since the construction of the bridge and embankment but not the first time the property had ever been flooded. In 1935 and 1940 there were similar floods. However, it is shown there was more

flood water in the 1935 and 1940 floods than in the 1963 flood but the water reached greater heights on plaintiffs' property in 1963 than in the earlier floods. It is significant that the high water marks of the 1963 flood did not reach as high a level on the property situated below the bridge as the 1935 and 1940 floods. The same is true as to property located some two and one-half miles above the bridge.

From these facts there appears to be little doubt that the embankment on the Hamblen County side served as a dike and caused the flood water to rise to greater heights on plaintiffs' property. Furthermore, this obstruction restricted and impaired the normal runoff, causing the water to remain for a longer period on the property. Consequently, we concur in the circuit judge's finding there had been a taking of plaintiff's property.

Our courts have said for there to be a taking, it is not necessary for the owner to be entirely deprived of the use of the property. Any destruction, restriction or interruption of the common and necessary use may constitute a taking. Lea v. Louisville & N. R. Co., 135 Tenn. 560, 188 S.W. 215.

Actual or physical entry is not necessary. A landowner may have a right of action for the interruption of ingress or egress or from the interference or diverting the natural drainage. Morgan County v. Neff, 36 Tenn. App. 407, 256 S.W.2d 61; Hollers v. Campbell County, 192 Tenn. 442, 241 S.W.2d 523; Donahue v. East Tenn. Natural Gas Co., 39 Tenn.App. 438, 284 S.W.2d 692.

This brings us to the second issue: Was plaintiffs' suit brought in time as set forth by T.C.A. 23-1424 which states: "The owners of land shall, in such cases, com-

mence proceedings within twelve (12) months after the land has been actually taken possession of * * *."

The circuit judge did not pass directly on this question. This precise matter has been before the appellate courts on several instances. In the case of Morgan County v. Neff, supra, this court said:

"In our opinion, if it [one year statute of limitations] is to apply at all to such cases, it should be applied in a manner to *afford the landowner the statutory period of one year within which to bring suit after injury or after reasonable notice or knowledge of such injury and damage.*" (emphasis supplied)

To the same effect see Donahue v. East Tenn. Natural Gas Co., supra; Jones v. Hamilton County, 56 Tenn. App. 240, 405 S.W.2d 775.

██ Under these authorities we think it is clearly shown that in a suit such as this, the landowner's cause of action does not accrue until an injury has been suffered. Although this suit was not brought until some five years after the completion of the bridge and embankment, it was brought within one year from the date of injury and in our opinion, it was timely filed.

On the final question of whether or not the plaintiffs have a right of action against Cocke County, in the circuit judge's memorandum opinion he made the following finding:

"Cocke County did nothing, did not work, and had no part in the construction of the embankment or fills on the Hamblen County side. Cocke County only furnished rights-of-way through or over Cocke County property.

Therefore, if the plaintiffs ever had any right of action, it was against some one other than Cocke County.''

We do not agree with this conclusion of the circuit judge. The plaintiffs have brought this suit under T.C.A. 23-1423 which provides that a landowner may bring an action when the land is taken or occupied ''for the purposes of internal improvement.'' This remedy is purely a statutory one and is the exclusive means by which a landowner may recover compensation for injuries to his property when such damage is brought about by a ''taking'' of property by one who has the right of eminent domain.

It must be noted that the State of Tennessee is not amenable to a suit by a landowner in an action such as this. See Article I, Sec. 17, Tennessee Constitution; T.C.A. 20-1702.

We must assume the legislature was cognizant of this fact when it enacted the statutes pertaining to eminent domain. Also, since the statutes of eminent domain deal with the same subject matter, they must be considered pari materia with T.C.A. 23-1423. Brooksbank v. Leech, 206 Tenn. 176, 332 S.W.2d 210.

In T.C.A. 54-506, which is a part of our eminent domain statutes, it is provided that ''[a]ll judgments rendered and other expenses necessarily incurred in such condemnation proceedings shall be paid out of the general funds of the county *in which the expenses are incurred * * *.''*

In the Brooksbank case the Supreme Court considered the above section as well as other sections of the code pertaining to eminent domain. In affirming the trial judge's action in sustaining the demurrer, the Court in

effect held that a landowner could not maintain a suit against a Commissioner of Highways for the State of Tennessee but that such action would lie against the county wherein the land was situated for the taking of and damage to their property incident to the construction of a highway by the State of Tennessee. In the court's opinion, speaking through Justice Burnett, now Chief Justice, the Court said:

"It must be remembered though that a County is an involuntary political or civil division of the State which is created by a statute to aid in the administration of the government and is merely an agency or arm of the State government. This being true it is perfectly proper and natural for the Legislature of the State to provide that a County would be liable for roads run through that County. There are many obvious reasons of why this is reasonable and natural. In the first place the land lies in the County; the witnesses as to its value are there and the courts there are open where it is convenient for these witnesses to come and then after a reasonable and fair judgment is entered against the County the County pays for this land. The County may be made to raise the funds to pay for this condemnation as suggested in State Highway Department v. Mitchell's Heirs, supra, [142 Tenn. 58, 216 S.W. 336], where it is suggested that the person owing the judgment against the County had the right to a mandamus to compel the levy of a sufficient tax for the satisfaction of his judgment. Thus it is by statute and judicial interpretation thereof that a fund is provided and a way is also provided for suit to satisfy this claim. In other words the State is not taking the property of these plaintiffs in error without leaving him or providing him with a

means of securing adequate compensation for the property taken. He may sue the County in which the land lies and there obtain just compensation for the property as taken.''

In Marion County v. Tydings, 169 Tenn. 286, 86 S.W.2d 565, the court held the county is liable for the landowner's damages from construction of a state highway though the county had nothing to do with the construction and had not entered into any agreements with the state incidental to the construction. To the same effect see Dickson Co., et al. v. Wall, 12 Tenn.App. 600.

In the recent case of City of Charleston v. Ailey, 210 Tenn. 211, 357 S.W.2d 339, the landowner brought an action against Bradley County and the City of Charleston to recover damages incident to the taking of their property for a highway constructed by the Highway Department for the State of Tennessee. The court, in construing the eminent domain statutes, including T.C.A. 54-506, said:

''These statutes have been construed and applied in numerous cases, all of which hold that the County in which the highway is constructed is liable for the value of the land taken for highway purposes and for damages incident to the construction of such highway by the State Highway Department.''

See the numerous cases cited therein.

In the court's opinion it quoted with approval from Brooksbank v. Leech that ''the County is liable to the landowner for the damages to property taken by the State regardless of the fact of whether or not the County was interested in the road being built through that County

when the road was taken for State highway purposes alone.''

■ From the above decisions we are of the opinion the courts have construed the statutes to say that a landowner whose property has been taken or occupied as a result of the construction of a state highway may sue the county wherein the land lies for damages to his property. It seems immaterial whether the county wherein the land lies be at fault in any way or is it necessary for the county to have done the act which caused the injury in order for it to be liable for the damages.

At first look this may seem to be somewhat unfair but it cannot be said that the legislature did not have authority to confer this right upon the landowner. By the same token it cannot be said that the legislature did not have power to place this burden or obligation upon the counties. Although the remedy is somewhat fictional, no doubt the legislature, in making these provisions, was cognizant of the constitutional and statutory prohibitions against bringing such a suit directly against the state. By this means it has provided a convenient means of affording the landowner a right to recover. In doing this the legislature might have had in mind that the county where the road was built did receive a benefit therefrom. Therefore, the county would be the natural one to be liable for the damages which might grow out of the benefit bestowed.

It results the circuit judge's decision that these plaintiffs did not have a right of recovery against Cocke County is reversed. A judgment in favor of the plaintiffs shall be entered in this court. The suit is remanded to the

circuit court to determine the amount of damages, if any, the plaintiffs are entitled to.

The costs incident to this appeal are taxed to Cocke County.

McAmis, P. J., and Cooper, J., concur.