# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

## KNOX LOUDON CORPORATION v. TOWN OF FARRAGUT, TENNESSEE

### Direct Appeal from the Circuit Court for Knox County
No. 1-657-98 Dale C. Workman, Judge

---

### No. E2000-00174-COA-R3-CV - Decided June 16, 2000

---

This is a suit seeking damages under the theory of inverse condemnation by Knox Loudon Corporation against the Town of Farragut, in connection with Knox Loudon's improvement of certain property by erecting condominiums. The theory of the suit is that the Town of Farragut, by insisting that the plan for the project include a dedication of one portion for a roadway and another for a hiking and bike trail, was a taking entitling Knox Loudon to compensation. The Trial Court sustained Farragut's motion for summary judgment, resulting in this appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

GODDARD, P.J., delivered the opinion of the court, in which FRANKS and SWINEY, JJ., joined.

David L. Buuck of Knoxville, Tennessee, for the Appellant Knox Loudon Corporation

David E. Rodgers of Oak Ridge, Tennessee, for the Appellee, Town of Farragut, Tennessee

### OPINION

This is a suit seeking damages under the theory of inverse condemnation by Knox Loudon Corporation against the Town of Farragut, in connection with Knox Loudon's improvement of certain property by erecting condominiums. The theory of the suit is that the Town of Farragut, by insisting that the preliminary plan for the project include a dedication of one portion for a roadway and another for a hiking and bike trail, was a taking entitling Knox Loudon to compensation. The Trial Court sustained Farragut's motion for summary judgment. Knox Loudon appeals, raising the following issues:

1.  Where the municipality conditions approval of a preliminary and final subdivision plat upon the property owner dedicating a right of way for a future road extension and upon the building and dedicating a public bike path as part of an extensive city owned bike path throughout the city, does this constitute a "taking" by the government so as to require compensation to the owner under **Article 1, § 21** of the **Tennessee Constitution** and under the **Fifth** and **Fourteenth** amendments to the **United States Constitution?**

2.  Under the facts in the record, is the Plaintiff estopped to claim these constitutional rights?

3.  When all allowable inferences from the facts in the record are resolved in favor of the Plaintiff, is there an absence of a genuine issue as to all material facts so as to support a judgment as a matter of Law?

4.  Were the Plaintiff's allegations of disparate treatment by the Town as compared to its treatment of its Mayor, immaterial and redundant so as to subject them to being stricken under Rule 12.06, T.R.Civ.P.?

A recent opinion of the Supreme Court of Tennessee, Staples v. CBL & Associates, Inc., 15 S.W.3d 83, 89 (Tenn. 2000), restates the standard of review as to summary judgments:

> The standards governing the assessment of evidence in the summary judgment context are also well established.  Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor.  *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11.  Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion.  *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

Farragut's motion for summary judgment accurately sets out pertinent undisputed facts relative to ownership and development of the property:

> 2.  The subject dispute arises out of certain activities of the Plaintiff taken in connection with the development and construction of the Turkey

Creek Harbor/Bridgewater residential subdivisions within the Town of Farragut. These developments were originally commenced by a third party, Alan Houston who also did business under the name of H and S Homes. Mr. Houston held options for the purchase of the subject land and based upon those options filed the original applications with the Town of Farragut which required having the property rezoned, submitting plans for the project for approval, and having it approved as a special exception, which is not an approval as a matter of right but one which goes through special processing. Following the initial approvals including the site plan of the development Mr. Houston assigned his options to Plaintiff. As part of the terms of the assignment of option rights from Mr. Houston to Plaintiff, Plaintiff agreed to and did generally develop the properties as approved by the Town of Farragut pursuant to plans prepared by Richard LeMay & Associates with certain subsequent modifications mutually agreed upon between Plaintiff and Defendant.

3. The assignment of options occurred on February 17, 1995. Prior to that time and while the property was still owned by Mr. Houston and on July 27, 1994, the Board of Zoning Appeals of the Town of Farragut approved the request for a development under special exception for Turkey Creek Harbor which contained the specific requirement and agreement that the bikeway/pedestrian parkway shown on the plans would be constructed. Accordingly, this was an obligation acquired by Plaintiff willingly at the time of his purchase of the project.

4. The major road plan as adopted by the Town of Farragut reflects thereon as future development a road to run from the Turkey Creek Road area northwardly to the property of Brook Lawn Development and continuing northwardly to intersect with roads to be constructed on that development including an extension of Campbell Station Road. This proposed road lies in part through the property involved in this subject development. The layout of a road complying with the major road plan of Farragut insofar as it related to the subject development was included in the original plans as finally presented by Alan Houston for approval by the Town of Farragut and which were approved in August of 1994 while Alan Houston still owned the project. This was included within the obligations acquired by Plaintiff pursuant to the assignment of options.

-3-

5. Plaintiff owned the development through the construction phases but not through the entire planning and approval process. The Town cooperated with both Plaintiff's predecessor and with Plaintiff in making changes to allow the project to occur including approval of one year extensions to Plaintiff on various permits and approvals, granting variances at Plaintiff's request and as previously stated rezoning the property and approving the development as a special exception for Plaintiff's predecessor, Mr. Houston.

6. In Paragraph 5 of the Complaint, Plaintiff complains the Town required dedication of land for public purposes for streets and sidewalks and common areas including the walkway/bicycle path and possible future road. Both the bicycle path/walkway and roadway complained of had been agreed to by Plaintiff's predecessor, Mr. Houston, and were included in the plans approved by the Town of Farragut and recorded on the plats of the development which existed at the time Plaintiff voluntarily purchased the project from Mr. Houston thereby acquiring responsibility voluntarily rather than being required of Plaintiff by the Town of Farragut.

The Trial Court entered the following order:

The above captioned matter came on for hearing before the Honorable Dale C. Workman, Circuit Judge, on August 27, 1999, upon the Motion of Defendant for Summary Judgment, the statement of undisputed facts filed by both parties, briefs, and oral argument presented by attorneys for both parties, all in open Court from which the Court finds as follows:

1. From the record it appears the matters about which Plaintiff complains were agreed upon by his predecessor in interest, Allen Houston, and memorialized and reflected upon the original preliminary plat approved pursuant to the special exception (use on review) procedures of the Town of Farragut by its Board of Zoning Appeals and the same were substantially unchanged upon the final plats of the subdivision. Subsequent to approval of the preliminary plat, Mr. White/Plaintiff acquired Mr. Houston's interests in the project by recorded agreement committing Plaintiff to the completion of the subdivision according to the plans agreed upon and approved by Farragut. Plaintiff is estopped by this recorded Agreement (estoppel by deed) from denying or complaining about the matters at issue. If Plaintiff's principal stockholder, Mr. Buddy White, was an undisclosed joint venturer of Allen

-4-

Houston at the time the preliminary plat for the subdivision was negotiated and approved, Mr. Houston was acting as the agent of the interests of Mr. White in so doing and the result is the same.

2. The Court further finds that if Plaintiff had objected to the developmental requirements jointly agreed upon, the time to have raised such objections was at the time of the consideration and approval of the preliminary plat and not when the subdivision was substantially complete. By accepting the preliminary plat and by filing requests for modifications as the work progressed, many of which requests were granted and approved by the Town of Farragut, Plaintiff waived the right to contest at this late date the negotiated approvals agreed to by the parties at the commencement of the project.

We agree with the foregoing findings by the Trial Court and emphasize the fact that the time the preliminary plans were submitted, showing a dedication of the roadway and bike trail, the property was not owned by the Plaintiff, but in reality by third parties with the right of Mr. Houston to acquire it under options, which were ultimately transferred to the Plaintiff and exercised by it. That transfer of the interest of Mr. Houston to the Plaintiff contained the following provision:

3, SUBDIVISION OF PROPERTY. The property, which is the subject of the Options ad this Agreement, is to be subdivided in accordance with the general plans, specifications and requirements represented by the developmental plans and plats prepared by Richard E. LeMay, of LeMay & Associates Consulting Engineers, dated June 22, 1994, as revised, Job No. 3074, entitled "Turkey Creek Harbor". KNOX/LOUDON shall be responsible for the clearing, grading, road construction and utility line installation for the subdivision.

We also note that at the very latest, when the final plat was recorded, on July 7, 1997, the appropriation occurred. Although not raised in the pleadings and not the basis of our resolution of this appeal, it would appear that any claim for inverse condemnation would begin to run on that date and the cause of action asserted in a complaint filed on October 23, 1998, would be barred by T.C.A. 29-16-124, the one-year statute of limitations applicable thereto. Osborne Enterprises v. City of Chattanooga, 561 S.W.2d 160 (Tenn. Ct. App. 1977).[1]

---

[1] In Osborne Enterprises, we quoted from the Supreme Court case of Knox County v. Moncier, 455 S.W.2d 153 (1970), which states "that the onus is on the property owner to institute his suit within one year after he realizes or should reasonably realize that his property has sustained an injury which is permanent in nature. At that time the 'taking' occurs and the statute of limitations begins to run."

We also point out that the record does not contain any affidavit or testimony from Mr. Houston, who negotiated the agreement with the Town of Farragut. There is proof in the record by affidavit of James R. (Buddy) White, who is President of Knox Loudon, that he and Mr. Houston did not agree to dedicate the property, but it would appear that his statement as to Mr. Houston would be hearsay. Although Mr. White's affidavit states that there was "no choice except to agree" to the Town of Farragut's demand, he obviously had the choice of not exercising the option.

In conclusion, had the initial plans for the improvements met all of the zoning requirements, we would agree with the Plaintiff that the requirement for dedication of the property would have been a taking. However, it was necessary for the property to be rezoned to provide for a higher density improvement desired by the Plaintiff. The owners of the option and ultimately the Plaintiff were willing to make the dedication to receive approval of the planned development.

In light of the foregoing disposition of this case, we find it unnecessary to address issue number four.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Knox Loudon and its surety.